## Buchholtz v. Barrie, Appellant.

*Principal and agent—Evidence as to agency—Question for jury.*
Where an agency is denied, but the alleged agent swears that he is in fact an agent, and his testimony is corroborated by a course of dealing with the alleged principal, indicating an agency, and there is evidence of ratification by the alleged principal of the acts of the alleged agent, the question of agency is for the jury.

Argued Dec. 12, 1907.  Appeal, No. 141, Oct. T., 1907, by defendants, from judgment of C. P. No. 1, Phila. Co., Sept. T., 1906, No. 1,741, on verdict for plaintiff in case of Heinrich Ewald Buchholtz v. George Barrie, George Barrie, Jr., Robert

Barrie and Alexander Barrie, trading as George Barrie & Sons. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Assumpsit for services rendered in writing two books. Before BRÉGY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $663.05. Defendants appealed.

*Error assigned* amongst others was in refusing binding instructions for defendant.

*Samuel W. Cooper,* for appellants.—It is submitted that the authority to bind a principal cannot be proved by the declarations of the alleged agent, nor by his acts done without the authority or knowledge of the principal: Hays & Wick v. Lynn, 7 Watts, 524; Whiting v. Lake, 91 Pa. 349; Moore v. Patterson, 28 Pa. 505; Telephone Co. v. Thompson, 112 Pa. 118; Beal & Simons v. Express Company, 13 Pa. Superior Ct. 143.

*Thomas Leaming,* for appellee, cited: Himes v. Herr, 3 Pa. Superior Ct. 124; The Odorilla v. Baizley, 128 Pa. 283.

OPINION BY ORLADY, J., July 15, 1908:

This is an action of assumpsit brought by the plaintiff to recover the sum of $600, with interest, for historical, literary and journalistic work, done in the preparation of two books.

The services were rendered by Buchholtz under an oral contract made with Prof. Guy Carleton Lee, of Johns Hopkins and Columbia Universities, whose testimony was as follows: "The plaintiff was engaged by me, as editor in chief, for George Barrie and Sons, to do the said writing for George Barrie and Sons, and the said George Barrie and Sons were to pay him for the writing aforesaid. The plaintiff was engaged to write a volume entitled 'Civil War from a Northern Standpoint' and 'Reconstruction.' And he did write them and performed his

part of the contract, so far as the delivery of the manuscripts was concerned. The completed manuscript of the 'Civil War, Northern Standpoint,' was delivered to me as editor in chief, on or about April 10, 1905, and was prepared by me for publication, and delivered to the publishers, who set it up, wholly or in part, in type, and later plated it wholly or in part. The completed manuscript of 'Reconstruction' was delivered by Buchholtz to me as editor in chief for Barries on November 16, 1905, and is now held by me, subject to the order of the publishers."

The plaintiff testified to the same state of facts, while the defendant denied any contractual relation whatever with the plaintiff. It is admitted that Dr. Lee was engaged by written contract to do certain work for the defendants, in connection with their issuing a work entitled "History of North America." A laudatory prospectus was issued by these defendants announcing the fact "That Dr. Lee accepted the responsibility of directing the work, upon the condition that he should have untrammeled choice in the selection of the persons he desired as advisers, editors and authors, and the illustrative material with which the text of the volume might be provided; and absolute freedom in literary and historical matters. These conditions were willingly agreed to by the publishers, and the editor in chief called to his assistance specialists in the various periods into which the history was to be divided."

The plaintiff was a secretary of Dr. Lee and testified, that, in that capacity, he knew of the authority of Dr. Lee to employ writers and superintend the work, in connection with the issuing of these two books. The appellants allege in the history of the case, that " the defendants had a written agreement with Guy Carroltown Lee which provided that he was to furnish them with the volumes necessary for a work on the ' History of North America.' Lee was in this line of business, running a syndicate, and selling works of literature written by other people, to anyone who would buy them."

It is not contended by the plaintiff that he ever came in direct communication with the defendants, and his right to recover must stand or fall on the authority of Dr. Lee to en-

gage him to do the work. The plaintiff contends, through the testimony of Dr. Lee, and the defendants admit the fact, that the contract as originally made was modified in a number of particulars, that there were frequent interviews between the parties; and one of the defendants testified after looking over the correspondence, that there were 1,000 letters exchanged between the parties, relating to this work.

The case was zealously contested by the defendants claiming that no authority was shown in Lee to make any contract with the plaintiff, and that Lee was not competent to prove his authority by his own declarations as to his authority. On the trial the testimony assumed a much more direct form than an attempt to show the authority of an agent by his own declarations, and his evidence under oath as to the modifications in the contract and the enlargement of his powers, followed by the subsequent ratification by the defendants of some of his acts, outside of the written contract,—established a course of dealing which was clearly indicated as being the intention of defendants in the prospectus, which they issued to the world at large, and with which this plaintiff was familiar, and in which Dr. Lee was held out as their agent, "Upon the condition that he should have untrammeled choice in the selection of the persons he desired as advisers, editors and authors," etc. This testimony made the case purely one of fact to be submitted to the jury.

It was further shown that the finished manuscript of the first book was received by the defendants, and to a certain extent approved by them, and the court was clearly within bounds in saying "So it comes to the question as to whether Dr. Lee was acting with the consent of the Barries in such a way as to induce Mr. Buchholtz to believe that he had the right to employ him to do the work." Dr. Lee's declarations, as such, were not evidence of his agency, but the knowledge derived by the plaintiff while his secretary, and his continued acts in and about their business, coupled with their recognition of his acts, in light of the prospectus issued by them, and the work in which the parties were engaged, when supported by the testimony under oath of Dr. Lee made it purely a question of fact for the

jury, to determine whether Dr. Lee was authorized to employ the plaintiff to do the work, and this question was fairly submitted in an elaborate charge by the judge, and of which the defendants have no just reason to complain.

The assignments of error are overruled, and the judgment is affirmed.